UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW FAULK,

Plaintiff,

v.

KOOTH USA, LLC, a limited liability company, *et al.*,

Defendants.

Case No. C24-1786

ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND SCHEDULING ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Matthew Faulk's Motion requesting to amend the Complaint and the Court's scheduling order, Dkt. #39. Defendants Kooth USA, LLC and Patrick Johnston (collectively, "Defendants") oppose. *See* Dkt. #41. For the following reasons, the Court will deny Plaintiff's Motion.

## II. BACKGROUND

Plaintiff filed his Complaint on October 30, 2024, alleging federal and Washington state law claims of discrimination, unlawful retaliation, and wrongful termination from his time working at Defendant Kooth USA, LLC. *See* Dkt. #1.

On January 17, 2025, the Court issued the Scheduling Order, Dkt. #19, based on the parties' Joint Status Report, Dkt. #18. The Scheduling Order set the deadlines for amended pleadings for February 14, 2025, discovery for November 10, 2025, and dispositive motions for December 9, 2025. Dkt. #19. On September 12, 2025, Plaintiff filed the instant Motion, almost seven months after the deadline, and seeks to add a defamation claim and a new defendant, Aaron Lawlor.[1] *See* Dkt. #39.

## III. DISCUSSION

### 1. Rule 16

Because Plaintiff filed his Motion to Amend after the date specified in the Court's Scheduling Order, Federal Rule of Civil Procedure 16 governs his request. Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

---

[1] While Plaintiff's proposed amended complaint does not include Lawlor as a defendant in the heading, Plaintiff lists Lawlor as one of the parties. *See* Dkt. #39-1.

Here, Plaintiff argues that he could not have amended his Complaint sooner because he "only learned recently during the July 17, 2025 deposition of defendant Aaron Lawlor ("Lawlor") that Lawlor had falsely accused Plaintiff of committing certain acts amounting to serious crimes, if true[.]" Dkt. #39 at 2. He alleges that "[t]he falsity of such accusations was confirmed by Beth Pausic in Ms. Pausic's recent deposition on July 29, 2025." *Id*. at 2-3. Plaintiff also notes that he did not receive the official transcript from Pausic's deposition for two weeks, but he notified Defendants of this Motion on September 10, 2025, "6 weeks and 1 day after Dr. Pausic's deposition[.]" Dkt #43 at 2. Plaintiff also notes his current pending Motions to Compel before the Court and the parties "additional discovery disputes" and "seeking to meet and confer" as further reasons to amend the Scheduling Order. Dkt. #39 at 3.

Defendants contend that Plaintiff "knew of this information at least as early as March 17, 2025 when Defendants produced the relevant discovery to Plaintiff." Dkt. #41 at 6. Defendants point out that "Plaintiff was examined on this subject . . . at his June 4, 2025 deposition[.]" *Id*. Furthermore, Defendants argue that "Plaintiff possessed all of the facts required to make his defamation claim . . . *at least* in late July" but did not inform Defendants of or file the instant Motion "for weeks". *Id*. at 7 (emphasis in original). In his Reply, Plaintiff argues that he "was only able to inquire about the emailed statements during the examinations of Mr. Lawler and Dr. Pausic, which occurred on July 17 and 29, 2025[.]" Dkt. #43 at 2.

The Court finds that Plaintiff has demonstrated diligence in amending his Complaint to include the defamation claim. He did not receive evidence of the emails from which his allegations arise until March, already over a month from the deadline, and Plaintiff explains that he was only able to fully investigate and confirm the claim after the depositions in July 2025. As this Court has held before, "three or more months' delay between a movant's discovery of new circumstances and filing motions to amend is not unreasonable." *Oppenheimer v. eXp Realty*

*LLC*, No. 2-21-CV-01304-RAJ-BAT, 2023 WL 1805568, at *2 (W.D. Wash. Jan. 17, 2023) (collecting cases). Accordingly, Plaintiff acted with reasonable diligence in filing the instant Motion.

**2. Rule 15**

Plaintiff must also meet the liberal standards of Rule 15 to amend his Complaint. Under Rule 15, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988). Prejudice to the opposing party is the most important factor. *See* Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). If the new claim is futile and "would be immediately subject to dismissal under Rule 12(b)(6), there is no reason to put defendant[s] through the unnecessary expense and delay of responding to the amendment." *Costo Wholesale Corp. v. Arrowood Indem. Co.*, No. C17-1212RSL, 2018 WL 3742165, at *2 (W.D. Wash. Aug. 7, 2018) (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

Defendants argue that Plaintiff's delay in filing the instant Motion "is highly prejudicial" and that his defamation claim is "futile." Dkt. #41 at 8-12.

Plaintiff's defamation claim requires that he "demonstrate (1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages." *Castello v. City of Seattle*, No. C10-1457MJP, 2011 WL 6000781 at *8 (W.D. Wash. Nov. 30, 2011), *aff'd*, 529 F. App'x 837 (9th Cir. 2013) (citing *Mohr v. Grant*, 153 Wn.2d 812, 822, 108 P.3d 768 (2005)). "Proof of falsity requires that Plaintiff identify 'the precise statements alleged to be defamatory, who made them and where.'" *Id*. (quoting *Flowers v. Carville*, 310 F.3d 1118, 1130 (9th Cir. 2002)). These specifics are necessary, at least in part, because mere opinions are protected and not actionable as defamation. *See Phillips v. World of Publ'g Co.*, 822 F. Supp. 2d 1114, 1118 (W.D. Wash. 2011).

Plaintiff alleges the following facts for his defamation claim:

> After the filing of the original Complaint in this case, Plaintiff learned that Lawler [Kooth's Chief People Officer] had falsely accused Plaintiff of committing certain aacts amounting to serious crimes. Specifically, in an e-mail entitled "Notes from Conversation with Beth Pausic" dated December 7, 2023, Lawler falsely stated to Patrick Johnston that "*Beth [Pausic] described an interaction where an employee bruised [Plaintiff's] ego and [Plaintiff] subsequently seemed to ask a cop friend to look into the background of an employee. [Plaintiff] attempted to weaponize what he found with the employee's past with their manager … Employee challenged MF [Plaintiff Matthew Faulk] in a meeting in a way that was perhaps not the best but not the worst. MF [Plaintiff] reported to BP [Beth Pausic] that he had a buddy look into the employee referenced above and apparently found something in their background.*"

Dkt. #39-1 at ¶ 5.26 (proposed amended complaint) (emphasis in original).

In Lawler's deposition on July 17, 2025, on the above email, he stated that he "assumed" that the "buddy" Pausic mentioned was "a cop friend," that he "interpreted that to be [a] cop friend," and this "[j]ust was my best – I assumed that at the time." Dkt. #40-3 at 152:13-22. He also stated that he did not speak to Pausic about this and that Pausik did not "mention who this employee was who bruised his ego[.]" *Id*. at 152:15-16, 23-25. In her deposition on July 29,

2025, Beth Pausic stated that in her request for feedback by Defendant Johnson "the Monday after Thanksgiving of '23," she said that she "had no observed any red flags or anything of concern" related to Plaintiff. Dkt. #40-5 at 24:19-25:8. She then stated that around December 7, "[t]here was a call after Matt's [Plaintiff's] termination with Aaron Lawlor." *Id*. at 25:16-29. She stated that she told Lawlor about a conversation she had with Plaintiff, where he shared with Pausic "that a buddy of his had uncovered information about a Kooth employee that was a great concern to Matt [Plaintiff], and he was questioning why Kooth would hire somebody with this kind of past, or . . . background." *Id*. at 25:22-26:1-3. She could not recall if the conversation with Plaintiff occurred before or after Defendant Johnson's request for feedback. *Id*. at 26:9-23.

In Plaintiff's deposition on June 4, 2025, after reviewing Lawlor's email, Plaintiff stated that he did not know who Pausic was referring to and "that there is absolutely no time in my lifetime that I would ever ask a cop friend or anyone in the law enforcement profession to look into a background of an employee . . . because that is actually a criminal violation. And that is something I would never do." Dkt. #42-3 at 218:9-20. He stated that this was "absolutely not accurate." *Id*. at 218:24-25. Instead, Plaintiff stated that "[a] couple of people let me know about" a "sort of background that was on Google" of a Kooth, which he later Google searched and found related articles and videos. *Id*. at 219:21-24, 220:1-9. He stated that he could not remember who told him about the Google background or which people were concerned about the Kooth employee, but he did not share the Google results with Pausic but only "told her what was going on for the totality of what was happening in Kooth[.]" *Id*. at 220:13-25, 221:1-25, 222:1-4.

As recognized by Plaintiff, intracorporate communications generally are not defamatory because they are not published, thus actual malice must be shown to disqualify the privilege. *See* Dkt. #43 at 5 (citing *Doe v. Gonzaga Univ.*, 24 P.3 390 (Wash. 2001), *rev'd on other grounds*,

536 U.S. 273 (2002)). Furthermore, qualified "privilege applies when the declarant and the recipient have a common interest in the subject matter of the communication." *Moe v. Wise*, 989 P.2d 1148, 1154 (Wn. Ct. App. 1999). "This privilege applies to organizations, partnerships and associations and 'arises when parties need to speak freely and openly about subjects of common organizational or pecuniary interest.'" *Valdez-Zontek v. Eastmont Sch. Dist.*, 225 P.3d 339, 347 (Wn. Ct. App. 2010) (quoting *Moe*, 989 P.2d at 1155).

Actual malice is "knowledge of falsity or reckless disregard of the truth or falsity." *Caruso v. Loc. Union No. 690 of Int'l Bhd. of Teamsters, Chaufferus, Warehousemen & Helpers of Am.*, 100 Wn.2d 343, 352, 670 P.2d 240 (1983) (internal citations omitted). "Actual malice can, however, be inferred from circumstantial evidence, including a defendant's hostility or spite, knowledge that a source of information about a plaintiff is hostile, and failure to improperly investigate an allegation." *Duc Tan v. Le*, 177 Wn.2d 649, 669, 300 P.3d 356 (2013).

Given all of the above, it appears that the email exchange that forms the entire basis for Plaintiff's new claim happened between two interested parties in the same organization, the head of the human resources department and another employee, who were discussing information regarding a recently terminated employee. Plaintiff does not seem to refute this privilege but points out that it "may be lost by showing . . . actual malice." Dkt. #43 at 5. Taking all reasonable inferences in Plaintiff's favor, the Court fails to see how these statements or any provided facts could plausibly demonstrate actual malice. Lawlor was recounting a conversation between Plaintiff and Pausic that Pausic told Lawlor about, and Pausic did not refute what the email said in her deposition. *See* Dkt. #40-3. Other than Plaintiff's statements to falsity in his own deposition and conclusory assertion in his proposed amended complaint, nothing from Plaintiff's briefings or provided exhibits suggests that Pausic or Lawlor knew or recklessly disregarded the falsity of the information or that the information was false.

Even without futility, prejudice weighs in favor of denying Plaintiff's request as well. When Plaintiff filed the instant Motion, the Expert Witness Disclosure/Reports deadline had passed, motions were due in less than a month, and the discovery and dispositive motions deadline soon followed. *See* Dkts. #19, #39. Plaintiff's proposed order suggests pushing the trial date, discovery deadlines, and other case deadlines by two to three months. *See* Dkt. #40-1. Adding a new claim creates prejudice through delay, and the need to reopen discovery and therefore delay the proceedings supports a finding of prejudice. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Accordingly, prejudice by delay also weighs in Defendants' favor, and the Court will deny Plaintiff's Motion.

**IV. CONCLUSION**

Having reviewed the instant Motion, responsive briefings, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Matthew Faulk's Motion to amend the Court's Scheduling Order and for leave to file a First Amended Complaint, Dkt. #39, is DENIED.

DATED this 18th day of November, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE