UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW FAULK,

　　　　　　　Plaintiff,

　　　v.

KOOTH USA, LLC, *et al.*,

　　　　　　　Defendants.

Case No. C24-1786-RSM

ORDER RE: PLAINTIFF'S MOTIONS
TO COMPEL AND DEFENDANTS'
JOINT MOTION FOR SUMMARY
JUDGMENT

This matter comes before the Court on Plaintiff's Motions to Compel, Dkts. #26 and #28, and Defendants' Joint Motion for Summary Judgment, Dkt. #47. Defendants have filed opposition briefs. Dkts. #31 and #34. Regarding Plaintiff's Motions, neither party has requested oral argument.

The parties generally agree on the facts here. Plaintiff filed his Complaint on October 30, 2024, alleging federal and state law claims of discrimination, unlawful retaliation, and wrongful termination from his time working at Defendant Kooth USA, LLC. *See* Dkt. #1. Kooth is a subsidiary of its parent British company, Kooth PLC. Plaintiff filed the instant Motions to Compel on June 24 and July 7, 2025. Dkts. #26 and #28. Defendants filed their Joint Motion

ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL AND
DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT - 1

for Summary Judgment on December 9, 2025.  Dkt. #47.  The original trial date in this case was March 9, 2026, with discovery to be completed by November 10, 2025, and case dispositive motions due by December 9, 2025.  Dkt. #19.  On February 18, 2026, the trial date was reset for January 11, 2027.  Dkt. #55.

In his instant Motions, Plaintiff seeks certain discovery from Defendants regarding similarly situated Kooth employees and seeks to depose the Chief Operating Officer ("COO") of Kooth's parent company, Kate Newhouse, a foreign national located in England.  Dkts. #26 and #28.  The Court reviews Plaintiff's Motions in turn below.

Plaintiff's first Motion seeks "a complete, supplemental response" and production of documents related to Plaintiff's Request For Production ("RFP") No. 5.  Dkt. #26 at 6. Specifically, Plaintiff seeks "DOCUMENTS sufficient to show the amount of compensation paid to all YOUR [i.e., Kooth's] vice presidents from January 1, 2021 to the present, including but not limited to salary, bonuses, stock options, and any other incentives or forms of compensation." *Id*. at 2.  Plaintiff argues that "Kooth has unilaterally limited its response" by determining that "only *one* vice president" at Kooth is relevant to Plaintiff's request."  *Id*. at 4 (emphasis in original).  Plaintiff argues he "is only seeking records relating to other Kooth employees with 'similar jobs' to him[,]" and these other vice presidents "with the same position and job title would be natural comparators."  *Id*. at 5.

Kooth contends that "Plaintiff does not allege *a single fact* in support of his position other than job title."  Dkt. #31 at 4-5 (emphasis in original).  Other than the single vice president identified, Kooth contends that, "beyond job title, "Kooth's vice presidents perform vastly different jobs, report to different supervisors, and have different performance, qualifications, and conduct."  Id. at 5-6.  Kooth further argues that, even if it were relevant, Plaintiff's request is "an

ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL AND
DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT - 2

overbroad fishing expedition" because it is not narrowed "by department, location, supervisor, or temporal scope,]" and the request creates an undue burden. *Id*. at 7-8.

Discovery is relevant "if there is any possibility that the information sought may be relevant to the subject matter of this action*." Lauer v. Longevity Med. Clinic PLLC*, No. C13-0860-JCC, 2014 WL 5471983, at *3 (W.D. Wash. Oct. 29, 2014) (quoting *Ragge v. MCA/Universal Studios, Inc.*, 165 F.R.D. 601, 604 (C.D. Cal. 1995)).  Generally, relevant discovery should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of this action." *Id*.

Comparator evidence, such as what Plaintiff seeks, is "relevant and thus discoverable in employment discrimination suits, even when derived from the personnel files of non-party employees[,]" if the employees are similarly situated. *Id*. at *5.  Employees are similarly situated if they are "'sufficiently similar' to 'support at least a minimal inference that the difference [of] treatment may be attributable to discrimination.'" *Id*. (quoting McGuinnes v. Lincoln Hall, 263 F.3d 49,54 (2d Cir. 2001)).  "Coworkers need not have the same supervisor or job title as long as they are subject to the same behavioral standards and subject to disciplinary decisions made by the same decision-maker." *Id*.

Given the above, the Court finds Kooth's position too narrow.  The Court agrees that the Vice President of Clinical excellence, which has specific higher degree and experience requirements, and the Vice President of Clinical Strategy, which "sits above the [other] Vice President roles[,]" do not seem sufficiently similar to Plaintiff.  *See* Dkt. #31, Ex. B at ¶¶ 13 and 21-23.  However, while the other vice presidents might possess similar attributes, Kooth does not argue that they have the same requirements or higher authority.  *Id*. at ¶¶ 11-21.  The other positions have different knowledge bases and roles, of course.  One would expect such

ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL AND
DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT - 3

differences at the vice president level.  But these differences, at first glance, do not appear so vastly different as to prevent discovery in this case.  Kooth's arguments are better left for summary judgment or a jury.  Furthermore, the Court finds that Plaintiff's request is not overly broad, nor does it create undue burden, as it pertains to only a small handful of individuals for a small amount of time surrounding Plaintiff's employment period.  Accordingly, minus the specific positions listed above, the Court will grant Plaintiff's request.

Plaintiff's second Motion requests that the Court compel the deposition of Kate Newhouse, the COO of Kooth PLC, the British parent company of Kooth USA.[1]  Dkt. #28 at 1. Plaintiff argues that, pursuant to a Rule 30(b)(1) notice issued to Defendants, Newhouse is subject to deposition as a "managing agent" of Kooth.  *Id*. at 4-5.  Defendants contend that Newhouse "is an employee of a non-party," is not a managing agent of Defendant Kooth USA, and is a foreign national, therefore Plaintiff must serve Newhouse with a subpoena pursuant to Rule 45. *See gen*. Dkt. #34.

Rule 30(b)(1) allows a party to compel the testimony of officers, directors, or managing agents of a corporate entity via a deposition notice on the corporation.  *See* Fed. R. Civ. P. 30(b)(1).  If the deposition involves a non-party, a subpoena is required.  *See* Fed. R. Civ. P. 45. "The term 'managing agent' should not be given too literal an interpretation but rather should depend largely on whether the interest of the individual involved are identified with those of his principal and on the nature of his functions, responsibilities and authority . . . *respecting the subject matter of the litigation*." *Bella+Canvas, LLC, v. Fountain Set Ltd.*, Case No. 2:21-cv-00758-ODW-MAA, 2022 WL 3697358, at *8 (C.D. Cal. June 29, 2022) (quoting *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96-97 (S.D.N.Y. 1968)) (emphasis in original).  In

---

[1] Plaintiff initially sought to compel the deposition of Tim Barker as well, but Plaintiff withdrew this request upon later learning that Barker was no longer employed by Kooth.  *See* Dkt. #36 at 1.

ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL AND
DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT - 4

determining whether an employee is a "managing agent," district courts consider the following factors:

> 1) whether the individual is invested with general powers allowing [her] to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at [her] employer's request, in response to the demand of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation.

*Odsather v. Fay Servicing, LLC*, No. C18-0289-JCC, 2019 11005500, at *1 (W.D. Wash. Jan. 10, 2019) (quoting *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985)).  The moving party's burden of proving that an employee is a managing agent "is a modest one, and doubts about an individual's status as 'managing agent,' at the pretrial discovery stage, are resolved in favor of the examining party." *Id.* (quoting *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 516 (D. Idaho 2013)).

Based on Defendants' Corporate Disclosure Statement, Defendant Kooth, a U.S. limited liability company, "is a wholly-owned subsidiary of Kooth PLC, which is the ultimate parent company of Kooth.  Kooth PLC is a public limited company organized under the laws of the United Kingdom." Dkt. #17.  Newhouse is the COO of Kooth's parent company, Kooth PLC, whom Plaintiff states was "identified as being the executives in charge of all Kooth's global affairs, including its U.S. operation[,]" was "in [Plaintiff's] direct supervisory chain[,]" and that Plaintiff had many interactions with regarding Kooth operations and his supervisor, Defendant Johnston. Dkt. #30 at ¶¶ 2-6.  As Defendants argue, Plaintiff could serve the witness with a subpoena regarding this deposition, which the Court would likely grant.  But given all of the above, the Court finds that Newhouse satisfies the "managing agent" analysis and will grant Plaintiff's request. *See, e.g.*, *Epic Sports & Ent., Inc. v. Triller Hold Co. LLC*, No. 24-CV-81052,

ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL AND
DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT - 5

2025 WL 1913189, at *2 (S.D. Fla. Apr. 4, 2025); *Iron Mountain (Nederland) Data Ctr. Germany B.V. v. WSP USA Buildings, Inc.*, No. 23-CV-2858 (LGS)(JW), 2024 WL 2846607, at *1-2 (S.D.N.Y. May 30, 2024).

Furthermore, the Court agrees with Plaintiff that, given the above discovery, it would be improper to rule on Defendants' Motion for Summary Judgment. *See* Dkt. #49 at 14 and 20 n.5. Under the Federal Rules, the Court may continue ruling on or deny a summary judgment motion if the nonmoving party can show that essential facts to their opposition are unavailable. *See* Fed. R. Civ. P. 56(d). These denials or continuances "should be granted as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotations omitted). Accordingly, given all of the above, the Court finds that denying Defendants' Motion for Summary Judgment without prejudice is appropriate at this time, allowing the parties to refile dispositive motions once they have meaningfully engaged in the discovery process. Because the trial date has been rescheduled for January 11, 2027, the Court will also extend the corresponding discovery deadline to September 11, 2026, and dispositive motions deadline to October 12, 2026.

Having considered the instant Motions, responsive briefings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion to Compel, Dkt. #26, is GRANTED IN PART, and Plaintiff's Motion to Compel Deposition, Dkt. #28, is GRANTED, as stated above. Within thirty (30) days of this Order, Defendants shall provide a complete response and all non-privileged documents responsive to Request for Production No. 5, in compliance with this order and the Federal and Local Rules, and shall make Kate Newhouse

ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL AND
DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT - 6

available for deposition.

(2) Defendants' Joint Motion for Summary Judgment, Dkt. #47, is DENIED without prejudice.

Dated this 30th day of June, 2026.

Ricardo S. Martinez
United States District Judge

ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL AND
DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT - 7